| | |
|---|---|
| **DISTRICT COURT, COUNTY OF JEFFERSON, COLORADO** | |
| Address: Jefferson County Courthouse<br>100 Jefferson County Parkway<br>Golden, Colorado 80401<br>Telephone: 720-772-2500 | DATE FILED: May 8, 2018 11:00 AM<br>FILING ID: 746176231EDBC<br>CASE NUMBER: 2018CV30741 |
| **Plaintiff:** ROSITA JARAMILLO,<br><br>v.<br><br>**Defendant:** SAFECO INSURANCE COMPANY OF AMERICA | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Plaintiff:<br>Name(s): Leah C. Garrett, #51745<br>David E. McDivitt, #38286<br>Firm: MCDIVITT LAW FIRM, P.C.<br>Address: 19 East Cimarron Street<br>Colorado Springs, CO 80903<br>Phone Number: (719) 471-3700<br>Fax Number: (719) 471-9782<br>E-Mail Address: litigation@mcdivittlaw.com | Case Number:<br><br>Div/Ctrm: |
| **COMPLAINT** | |

COMES NOW Plaintiff who states and alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual and resident of the State of Colorado.

2. Defendant Safeco Insurance Company of America (Safeco) is a foreign corporation doing business in the State of Colorado

3. Defendant has offices in the City of Golden, County of Jefferson.

4. Venue is proper herein pursuant to C.R.C.P. 98.

5. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

6. On or about May 22, 1014, Plaintiff was traveling northbound on N. 6th$^{th}$ Street near West Hickory Street in Lamar, Colorado in the County of Prowers. An underinsured tortfeasor was going eastbound and stopped for a stop sign at the intersection of N. 6th and W. Hickory. The

Exhibit A

underinsured tortfeasor negligently failed to yield from the stop sign, causing a collision with Plaintiff's vehicle.

7. Plaintiff was injured as a result of the collision.

8. On May 22, 1014, Plaintiff was insured by Defendant including underinsured motorist coverage.

9. Plaintiff was not negligent on the occasion in question.

10. No third party caused, or contributed to the cause, of the accident and Plaintiff's injuries, damages, and losses.

11. Following the collision, Plaintiff received treatments for injuries to her neck, left shoulder, and left arm.

12. Plaintiff submitted her claim to Defendant in a timely manner.

13. Plaintiff has cooperated with Defendant in its investigation of her claim.

14. Defendant has failed to make a reasonable offer to Plaintiff for her underinsured motorist benefits.

15. Upon information and belief, Defendant's actions in Plaintiff's case fail to meet the standard set forth in Safeco's own claim handling manual.

16. Defendant has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT - UIM BENEFITS)

17. Plaintiff incorporates all prior allegations as though fully set forth herein.

18. Sometime prior to the accident, Plaintiff, entered into a contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant.

19. Plaintiff has advised Defendant of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

20. Plaintiff is an intended beneficiary of Defendant's insurance policy/contract and is therefore entitled to enforce its terms.

21.     Plaintiff is entitled to be compensated by Defendant for all damages incurred, including significant medical bills and other expenses, pain, suffering, lost of enjoyment of life, loss of earnings and earning capacity, permanency , physical impairment, and disability, under the under-insured motorist coverage of the policy.

**SECOND CLAIM FOR RELIEF**
**(FIRST PARY STATUTORY CLAIM**
**UNDER C.R.S. § 10-3-1116)**

22.     Plaintiff incorporates all prior allegations as though fully set forth herein.

23.     Defendant has denied and delayed payment of uninsured motorist benefits to Plaintiff without a reasonable basis for its action.

24.     Defendant's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation due and which Defendant should have previously paid.

25.     In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant two times the covered, unpaid, delayed or denied underinsured motorist benefits plus reasonable attorney's fees and court costs.

**THIRD CLAIM FOR RELIEF**
**(BAD FAITH)**

26.     Plaintiff incorporates all prior allegations as though fully set forth herein.

27.     Defendant owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling her claims.

28.     Defendant breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

  (a)   Compelling this Plaintiff to institute litigation to recover amounts due to her under the under-insured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;
  (b)   Favoring the interests of Defendant, an insurer, over those of Plaintiff, an insured, to whom Defendant owes fiduciary and statutory duties;
  (c)   Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an under-insured motorist;
  (d)   Failing to consider the full amount of Plaintiff's medical bills;
  (e)   Incompetently evaluating Plaintiff's claim; and
  (f)   Failing to give a reasonable explanation for its reduction of the bills in the context of a compromise offer of settlement.

29. Defendant's actions were unreasonable.

30. Defendant knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

31. As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

   a. Being forced to incur additional costs in litigation;
   b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and
   c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment.

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully, submitted this 8th day of May, 2018.

McDIVITT LAW FIRM, P.C.

_____
**Leah C. Garrett, Esq.**, #51745
**David E. McDivitt**, #38286
ATTORNEYS FOR THE PLAINTIFF

Plaintiff's Address:
501 North 6th Street
Lamar, CO 81052